Nathan T. Gamel (ISB#8213)
SKAUG LAW, P.C.
1226 East Karcher Road
Nampa, Idaho 83687-3075
Telephone: (208) 466-0030
Facsimile:  (208) 466-8903
nathan@skauglaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GINNY SEEGMILLER,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>    Defendant. | CASE NO: _____<br><br>COMPLAINT and DEMAND FOR JURY TRIAL |

COMES NOW, the Plaintiff, GINNY SEEGMILLER, by and through her undersigned attorneys of record, the law firm of Skaug Law, PC, and for her claims of relief and causes of action against the United States Department of Agriculture, complains and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. At all material times mentioned herein, Plaintiff Ginny Seegmiller (hereinafter "Seegmiller" or "Plaintiff") has been and is residing in Nampa, Canyon County, State of Idaho.

2. Defendant, United States Department of Agriculture (hereinafter "USDA") is a department of the federal government and owns and operates a ranger station in McCall, Valley County, State of Idaho.

3. The conduct complained of occurred in Valley County, State of Idaho.

4.      This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and supplemental jurisdiction pursuant to 28 U.S.C. 1367 with respect to state law claims.

5.      Venue is proper in this district pursuant to 28 U.S.C §1391 (b) and (c).

## NOTICE OF CLAIM

6.      On or about November 20, 2016, Plaintiff timely filed a Notice of Tort Claim against the USDA pursuant to the Federal Tort Claims Act.  After approximately fourteen (14) months of waiting, the federal government failed to take any action, whether be it claim acceptance, claim denial, or an issuance of a right to sue.  Upon information and belief, as of December 2017, the federal government had not undertaken anything beyond a cursory review of the claim and had not submitted the claim to legal counsel for review.

## GENERAL ALLEGATIONS

7.      The McCall Winter Carnival (the "Carnival") took place in McCall, Idaho between approximately January 29, 2016 and February 7, 2016.

8.      One of the attractions of the Carnival involves snow sculptures that are erected on the properties of several local locations and businesses.

9.      There is a ranger station that is located in McCall, Idaho and is owned and operated by the USDA.

10.     During and as part of the Carnival, the ranger station owned and operated by the USDA had a snow sculpture erected on the property.

11.     The USDA erected the sculpture on the ranger station premises with the knowledge that individuals from the general public would come onto the ranger station's premises in order to view the snow sculpture.

12.     On or about January 30, 2016, Plaintiff was in McCall, Idaho on vacation.  On that date, Plaintiff traveled to the ranger station in order to view the snow sculpture erected on the ranger station property.

13.     While walking on the ranger station premises in order to view the snow sculpture, Plaintiff slipped and fell on ice located at the property and was injured and suffered damages as a result of the fall.

14.     At the time of the incident involving Plaintiff, the conditions of the walking paths at the ranger station were abnormally and dangerously slippery.

15.     At the time of the incident and the timeframe leading up to it, the USDA knew that the conditions on the ranger station property consisted of slippery ice and snow.  Despite this knowledge, the USDA failed to take reasonable steps and precautions to eliminate the slippery conditions.

16.     After Plaintiff slipped, fell, and was injured, and ambulance was called to extract Plaintiff from the ranger station and take her to the hospital.  Upon information and belief, the conditions of the walking paths at the ranger station were so slippery that the ambulance personnel had difficulty extracting Plaintiff from the area and had to put down salt or cat litter on the ground in order to get Plaintiff to the ambulance safely.

17.     At the time of the incident and the timeframe contemporaneous thereto, the USDA failed to post any signage warning individuals from the general public of the slippery conditions that existed at the ranger station.

18.     Plaintiff did not slip and fall on mere snow.  Rather, Plaintiff slipped and fell on ice that the USDA had not taken any effort to make safe through shoveling, plowing, or the usage of salt or gravel.

## COUNT I
### Negligence

19.     The allegations set forth in the preceding paragraphs of this Complaint are realleged in this paragraph as if fully set forth in their entirety herein.

20.     The USDA knowingly and intentionally participated in the 2016 McCall Winter Carnival.

21.     The USDA knowingly and intentionally erected an attraction, such as a sculpture, at the ranger station in McCall, Idaho.

22.     The USDA owned and operated the ranger station at issue in this litigation that is located in McCall, Idaho.

23.     The USDA employed staff and/or employees who worked at the ranger station in 2016.

24.     The USDA had employees working at the ranger station on the date of the accident at issue in this litigation.

25.     The USDA erected an attraction and/or sculpture at the ranger station knowing that members of the general public, such as Plaintiff, would go onto the property at the ranger station in order to view the attraction and/or sculpture.

26.     The USDA was knowledgeable of the weather conditions in McCall, Idaho at the time of the 2016 carnival, including cold air, snow, and ice.

27.     The USDA had a duty to keep members of the general public, including plaintiff, safe from harm from slippery and/or dangerous conditions that existed on the ranger station property during the 2016 Carnival.

28.     The USDA had a duty of care to maintain the ranger station premises in a safe condition for the general public, including Plaintiff, who were on the property during the 2016 Carnival.

29.     The USDA breached its duty of care by failing to maintain the ranger station premises, including any and all known walking and viewing areas, in a safe and non-slippery condition.

30.     The USDA failed to utilize reasonable means, such as ice melt, sand, cat litter, gravel, or other reasonable means at the ranger station on the date of the accident that is the subject matter of this lawsuit, to make the ranger station safe for the general public, including Plaintiff.

31.     The USDA allowed a dangerously slippery and icy surface to exist on the premises at the ranger station.

32.     The dangerous and slippery condition that existed at the ranger station were beyond what would be reasonably expected at a public event, even during a winter carnival.

33.     As a direct and proximate cause of the USDA's actions and omissions, Plaintiff was caused to slip and fall on a slippery and icy surface while visiting the Carnival and was injured and suffered damages.

34.     There is a causal connection between the acts and omissions of the USDA and Plaintiff's injuries and damages.

35.     The USDA had a duty to Plaintiff, breached that duty by its acts and omissions, there is a causal connection between the USDA's breach and Plaintiff's damages, and Plaintiff was damaged.  As a result, the USDA was negligent and is liable for Plaintiff's damages.

36.     As a direct and proximate result of the USDA's acts and omissions, Plaintiff has suffered general damages, loss of earnings, emotional damages, special damages, medical bills, medical damages, out-of-pocket medical costs, future medical damages, and wage loss in an amount to be proven at trial, but which amount exceeds $10,000.  Further, Plaintiff is entitled to costs and attorney fees and any other relief allowed under Idaho Code §12-120, Idaho Code §12-121, and otherwise allowed by Idaho and federal law.

### ATTORNEY FEES

Plaintiff is entitled to recovery attorney fees and costs incurred in prosecuting each Count of this action by all applicable state and federal laws, including but not limited to Idaho Code §12-120 and Idaho Code §12-121,

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by a jury composed of no less than twelve (12) persons on all issues so triable, pursuant to F.R.C.P 38(b).

//

//

//

//

//

//

//

//

//

//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ginny Seegmiller prays for relief as follows:

1. For an award to Plaintiff for economic and non-economic damages against Defendant in an amount to be proven at trial, but which exceeds $10,000;

2. For compensatory damages to compensate Plaintiff for emotional distress, loss of enjoyment of life, and other non-pecuniary losses in amounts to be established at trial;

3. For Plaintiff's reasonable attorney's fees and costs of court and suit;

4. For further and other relief the court deems proper.


DATED this 29ᵗʰ day of January, 2018

SKAUG LAW, P.C.


Nathan T. Gamel
Attorney for Plaintiff